UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ford S. Cooper, DDS, | ) | C/A No.: 6:08-cv-1602-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Wendell Leon Hawkins, and Hawkins, | ) | |
| Richardson & Associates, P.C., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on the defendants' motion to dismiss pursuant to South Carolina Code § 15-36-100, filed May 20, 2008.  Plaintiff filed a response on June 9, 2008.  Defendant filed a reply on June 19, 2008. This matter is now ready for disposition.

**Factual Background**

Defendant Hawkins, through the defendant law firm, represented the plaintiff during three real estate transactions in 2005.  These transactions were finalized on April 15, 2005, May 20, 2005, and June 9, 2005.  On September 28, 2007, and April 2, 2008, Plaintiff resold two of these properties at losses of $150,000 and $318,000 respectively.  Plaintiff still owns the third property.  In his complaint, Plaintiff alleges that the losses were the result of the defendants' negligence and breach of fiduciary duty.

**Discussion**

Defendants ask this Court to dismiss the complaint because the plaintiff did not file the affidavit of an expert with his complaint and, therefore, failed to comply with Section 15-36-100(B) of the South Carolina Code, which requires that:

> [I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) . . . , the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

It is undisputed that the defendant is an attorney and falls within subsection (G) of § 15-36-100. It also undisputed that § 15-36-100 only applies to "causes of action arising after July 1, 2005." *See* S.B. 83, 2005 Leg., 2005 S.C. Laws Act 32 (S.C. 2005). It *is* disputed whether § 15-36-100 was in effect at the time the plaintiff's causes of action arose. Therefore, this Court must determine whether § 15-36-100 was the law in effect when the plaintiff's causes of action arose or accrued.[1]

"In South Carolina, the law in effect at the time the cause of action [arose] controls the parties' legal relationships and rights." *Stephens v. Draffin, M.D.*, 488 S.E.2d 307, 309 (S.C. 1997). For purposes of determining the law in effect at the time an action arose, an action arises "at the moment when the plaintiff has a legal right to sue on it," because "[t]he law presumes at least nominal damages at that

---

[1] In South Carolina, courts use the verbs "arise" and "accrue" interchangeably when determining the moment a plaintiff's right to sue came into existence. *Stephens v. Draffin, M.D.*, 488 S.E.2d 307, 309 n.4 (S.C. 1997). This Court will use the word "arise" throughout this Order.

point." *Id.* This moment coincides with the moment the underlying facts occur. *See, e.g.*, *Id.; Walton v. Stewart*, 289 S.E.2d 403 (S.C. 1982) (finding that the law at the time the underlying facts occurred controlled); *Berry v. Myrick*, 194 S.E.2d 240 (S.C. 1973) (same). It is important to note that, "[a] slightly different meaning of [arise] is found in cases involving the issue when the statute of limitations began to run for a particular plaintiff, where for example the discovery rule is applicable . . . ."[2] *Id.* at 309 n.4. Therefore, the law in effect at the time the underlying facts occurred is controlling.

Here, section 15-36-100 of the South Carolina Code was not in effect at the time the facts underlying the plaintiff's claims occurred. At the latest, Plaintiff's causes of action arose on June 9, 2005, the date that the last transaction was finalized. Section 15-36-100 did not become the law in South Carolina until July 1, 2005. Therefore, it does not apply to the plaintiff's claims, and the defendants' motion should be denied.

## Conclusion

After a thorough review of the motions, record, and relevant case law, this Court finds that § 15-36-100 does not apply to the plaintiff's complaint because the plaintiff's causes of action arose prior to July 1, 2005, the effective date of that statute. Therefore, the defendants' motion to dismiss is DENIED.

---

[2] Given this distinction, the Court renders no opinion on the issue of when the plaintiff's claims arose for purposes of determining when the statute of limitations began to run.

IT IS THEREFORE SO ORDERED THAT defendants' motion to dismiss pursuant to S.C. Code Ann. § 15-36-100 be DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 23, 2008
Anderson, South Carolina